THE ORANGE, ALEXANDRIA AND MANASSAS RAILROAD COMPANY *vs.* MATTHEW P. PLACIDE and THOMAS CLARK, use of PATRICK McCOLGAN, Trustee.

*Contract—Measure of Damages.*

P and C contracted to do certain work for the Orange, Alexandria and Manassas Railroad Company, at certain prices, receiving their pay at stipulated times, and two-thirds thereof in bonds of the company, at a fixed rate. The contractors recovered a verdict for damages for an alleged breach of contract by the company and for extra work, whereupon, the company appealing, it was HELD :

1st. That, in the absence of proof as to the market value of the bonds, the measure of damages was the difference between the value, under the contract, of the work done and materials furnished by the contractors, and the amount paid to them.

2d. That if extra work was required by changes in the original plans of the company, and was done at its instance, the contractors were entitled to compensation therefor.

3d. That if the contractors were delayed in the execution of their contract by the default of the company, or its failure to comply with its contract, and they were thereby damaged, they were entitled to recover to the extent of such damage.

4th. That the fact that either of the contractors had private means sufficient to carry out the contract, although not paid promptly by the company according to contract, would not release the latter from liability.

APPEAL from the Superior Court of Baltimore City.

The facts are stated in the opinion of the Court. At the trial below the plaintiffs, Placide & Clark, offered six prayers, the first and second of which were conceded, the fourth was rejected as unnecessary, and the following were granted:

3d. If the jury find that the whole amount of money due the plaintiffs by the defendant, for work and labor performed and materials furnished by them under such contract, as they may find to have been the contract between the parties, has not been paid to the said plaintiffs, then they are entitled to recover in this action the difference between the value under said contract of said work and labor performed and materials furnished by them, as shown by the evidence in the cause and amount so paid; notwithstanding they may find that there was a provision in such contract, as they may find as aforesaid, that the said plaintiffs were to receive the proportion named in the paper dated 16th August, offered in evidence, of the bonds of the Company, at seventy-five cents in the dollar; provided they believe that the defendant has never issued or tendered to said plaintiffs said bonds.

5th. If the jury find from the evidence that the plaintiffs were delayed in the execution of the contract offered in evidence, by the default of the defendant, or by their failure to comply with the undertaking in said contract on the part of the defendant to be performed, and were thereby damaged, then the plaintiffs are entitled to recover in this action whatever sum of money they may find that the said plaintiffs have been damnified by said default or failure.

6th. If the jury find from the evidence, that after the commencement of the work in question under the plans and specifications furnished by the defendant, the said plans and specifications of the defendant in regard to the height of the

trestles at Narrow Passage Bridge were altered, and the dimensions of the timbers therein were changed, and that thereby the quantity of materials furnished by the plaintiffs was increased, and the labor required to be performed was greater than called for by the contract, which the jury may find to have existed between the parties, then the plaintiffs are entitled to recover whatever sum the jury may find from the evidence to be the value of such increase of materials and labor; provided they find that said labor and materials were so performed and furnished by the plantiffs, and accepted by the defendant.

And the defendant asked the Court to grant the two following prayers:

1st. That if the jury find that subsequent to the making of the contract offered in evidence, and dated the 16th of August, 1867, the plaintiffs agreed, in the letter of the 18th of August, to receive, in lieu of the bonds mentioned in said paper, the price thereof, at the rate of sixty-five cents in.the dollar, and that said agreement was *not revoked or altered* between them; and if they shall further find, that sometime subsequently the plaintiffs arranged with the defendant that the defendant should assume such debts of the plaintiffs as might be certified to the defendant by the plaintiffs or their agents; and if they shall further find, that said defendant did in fact assume and pay such obligations to an amount equal, together with cash advances to the plaintiffs, to the whole amount of the plaintiffs' compensation, at the rates prescribed by said paper, as modified by the agreement, to take money in lieu of bonds, then the plaintiffs are not entitled to recover anything on account of the non-delivery of said bonds after such *new agreement.*

2d. That the plaintiffs are not entitled to recover for any loss they may pretend that they have sustained by reason of any failure of the defendant; provided the jury shall find that the plaintiffs, by the use of all reasonable and proper exertions, in the use and disposition of their own means, might have saved themselves from such loss.

The Court (DOBBIN, J.,) granted the first prayer and rejected the second.

To the granting by the Court of the third, fifth and sixth prayers of the plaintiffs, and to the refusal to grant the defendant's second prayer, the defendant excepted, and the verdict and judgment being for the plaintiffs, took this appeal.

The cause was argued before BARTOL, C. J., BRENT, ALVEY and ROBINSON, J.

*F. H. Hack, Charles Marshall* and *William A. Fisher,* for the appellant.

*John P. Poe* and *William Schley,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal by the defendant. The only questions presented arise upon the third, fifth and sixth prayers of the plaintiffs, which were granted by the Court below; and the second prayer of the defendant, which was refused.

The claim of the plaintiffs was for damages for an alleged breach of contract by the defendant, and for extra work and materials done and furnished at the instance of the defendant.

It appears that a written agreement was made between the parties, containing specifications of the work to be done, with the prices and terms; this agreement was dated the 16th day of August, 1867, but not signed by the plaintiffs until October 28th, 1867. They proceeded however in the meantime, in execution of the work.

The contract stipulated that the prices were to be paid upon monthly estimates made by the company's engineer, as the work progressed, as follows, viz.: one-third in cash, one-third in the bonds of the company, estimating them as worth seventy-five cents on the dollar, and the remaining third in bonds at the same rate, to be retained by the company until the work was done. Evidence was offered by the defendant

tending to prove that the contract was modified and changed by the plaintiffs agreeing to accept money in lieu of the bonds, estimating them at sixty-five instead of seventy-five. In accordance with the proposal made by the plaintiffs in their letter of the 18th of October, 1867, Mr. Barbour, who testified on this subject, construed that letter in that way, that is, as a proposal to take cash in lieu of the bonds, estimating them to the company as worth sixty-five cents in the dollar, while the plaintiffs accounted for them at the rate fixed by the contract, viz.: at seventy-five cents in the dollar.

We think it by no means clear that such is the real meaning or true construction of the letter. But it is immaterial now to discuss that question; for there was conflicting evidence before the jury as to whether the proposition in the letter was actually accepted, or any such modification or change in the contract made. This last was not signed till ten days after the letter was written, and Thomas Clarke, the plaintiff, (who testified as a witness,) stated that "when he went to sign the contract, he asked Mr. Barbour, the president what the company were going to do about a proposition made by Placide & Clarke about the bonds mentioned in the contract. Barbour said the company had not acted on it, and Clarke signed the contract, remarking that he supposed the bond proposition was rejected."

But this question was for the jury, and was properly submitted to them by the first prayer of the defendant, which was granted. This gave it the benefit of its defence under the contract as modified, provided the jury should find from the evidence that such modification had been agreed on by the parties.

It has been argued that there was error in granting the plaintiffs' third prayer, fixing the measure of damages.

The appellant contends, that if two-thirds of the contract price was payable in the bonds of the company, and they were not tendered, the true measure of damages was the difference between the money actually paid, and the value of the part payable in bonds at the time when the bonds ought to

have been paid. In other words, that the market value of the bonds, at the time when they ought to have been delivered, was the true standard of the plaintiffs' right to recover.

This general proposition is no doubt supported by the decisions of the Supreme Court in *Hopkins vs. Lee*, 6 *Wheaton*, 109, and *Robinson vs. Noble's Admin.*, 8 *Peters*, 181; and has been sanctioned by the Court of Appeals in *Cannell vs. M'Clean*, 6 *H. & J.*, 297; *Alexander & Tyson vs. Macauley*, 6 *Md.*, 360.

In this case however there was no evidence showing what was the market value of the bonds at the time the plaintiffs were entitled to receive them, or that they were of less value than the price stipulated at which the plaintiffs agreed to take them. In the absence of such proof, there was no error in assuming that they were worth the price put upon them by the parties; that is *prima facie* evidence of their value, and there being no proof to the contrary, the defendant cannot justly complain that the Court below did not submit to the jury to find a fact of which there was no evidence. In such a state of the proof, the third prayer of the plaintiff stated the true measure of damages; which was the difference between the value under the contract, of the work and materials done and furnished by the plaintiffs, and the amount which had been paid to them. There could be no other standard of the plaintiffs' right to recover, except the value fixed by the contract; the fact that the bonds of the company were to be taken in payment at a stipulated price, could make no difference, unless it was shown by the proof that they were of less value than the price agreed on at the time when the plaintiffs were entitled to receive them.

We do not understand this prayer as confining the consideration of the jury to the contract of the 16th of August, 1867; on the contrary, it leaves the whole question open for the jury to find upon the evidence what was the real contract between the parties; and fixes as the standard the value of the work and labor, " under such contract, as they may find to have been the contract between the parties."

Orange, Alexandria and Manassas R. R. Co. *vs.* Placide and Clark.

We can discover no well founded objection to the fifth and sixth prayers of the plaintiffs; they announce very plain and familiar principles.

If the plaintiffs were delayed in the execution of the contract by the default of the defendant, or its failure to comply with the contract on its part, and were thereby damaged; they were entitled to recover such damages. And in the same manner the instruction given to the jury in the sixth prayer, with respect to extra work and materials done and furnished by the plaintiffs beyond that stipulated for in the contract, was correct. If it was required by changes in the original plans made by the defendant, and done at the instance of the company and accepted by it, the plaintiffs were entitled to be compensated therefor.

We think there was no error in refusing the defendant's second prayer; for the reason that there was no evidence proper to be submitted to the jury, " that the plaintiffs by the use of all reasonable and proper exertions in the use and disposition of their own means, might have saved themselves from the loss occasioned by the defendant's default." It has been argued that there was evidence that Clarke, one of the plaintiffs, had private means or money of his own, which might have been employed in fulfilling the contract, and therefore the plaintiffs ought not to recover for loss occasioned by the failure of the company to pay them promptly according to the contract; but that is not a sound argument; nor does it follow that the second prayer ought to have been granted, because there was evidence that some of the delay in the work was caused by the negligence of the contractors. Under the instructions given to the jury the plaintiffs were not entitled to recover for any loss occasioned by such delay, but only for such as resulted from the failure and default of the defendant.

Finding no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 14th March, 1872.)