CULBERTSON IRRIGATING & WATER POWER COMPANY v. W. D. WILDMAN.

FILED JUNE 22, 1895.    No. 5859.

1. **Action to Recover Wages**: PLEADING AND PROOF. An action to recover wages under a contract for personal services can only be sustained by proof that the services were performed. Where one seeks to recover damages for breach of contract to employ he must so plead.

2. **Contract of Employment**: NOVATION. Where one enters into a contract to employ another at a fixed rate for a time certain, and afterwards disposes of the business in which the services are to be rendered to a third person, and such third person retains the servant in his employment and pays him at the contract rate for several months, this is sufficient evidence of novation to charge such third person with the obligations of the contract.

3. ———: ———: MISJOINDER. In such case the original employer and his vendee are not jointly liable for services performed after the novation, but if they are sued jointly and a cause of action against the vendee is pleaded and proved, he cannot be heard to object because judgment was also rendered against the vendor, nor can the misjoinder in such a case be raised by general demurrer or objection to evidence on the ground that a cause of action is not stated.

4. ———: SUIT FOR WAGES: PLEADING. In a suit for wages under

a special contract, an averment that plaintiff has performed all
the conditions thereof so far as defendant permitted is a suffi-
cient averment of performance unless attacked by motion.

5. ———: ———: MEASURE OF DAMAGES. Where the wages con-
tracted for were $60 per month in cash and $40 per month in
water rights, the servant's measure of damages in an action for
wages is $100 per month, the value of the water rights having
been fixed by the contract.

ERROR from the district court of Hitchcock county.
Tried below before WELTY, J.

*House & Blackledge,* for plaintiff in error.

*J. W. Cole, contra.*

IRVINE, C.

Wildman sued C. J. Jones, A. W. Bond, and the Cul-
bertson Irrigating & Water Power Company, alleging that
on the 12th day of August, 1890, Jones and Bond em-
ployed Wildman to work for them for the wages of $100
per month, $60 thereof to be paid in cash each month and
$40 to be paid in perpetual water rights, the employment
to last until the completion of a certain work known as the
Culbertson canal; that afterwards the Culbertson Irrigat-
ing & Water Power Company, which we shall hereafter for
brevity call the company, succeeded to the rights and lia-
bilities of Jones and Bond, and assumed and ratified the
contract with plaintiff. The plaintiff further alleged that
the defendants had failed to pay him his wages for the
months of March and April, 1891, wherefore he asked
judgment for $200. The answer of the company was a
general denial. Jones and Bond made default. A trial
was had on the issues between the plaintiff and the com-
pany, and a verdict returned for the plaintiff for $200.
Judgment was entered against all the defendants for this
sum. By these proceedings the company seeks a reversal
of this judgment.

Some of the assignments of error are not discussed in the briefs, and will, therefore, be treated as waived.   Several of the arguments advanced might properly be raised under the assignment that the verdict is not sustained by the evidence, although they are supported by additional special assignments.   These we shall consider first without referring to the special assignments on which they are based.

One point made is that while the action was for wages earned there is no evidence to show that the plaintiff performed any services during the months of March and April, the period for which wages are alleged to be in default. There is evidence, however, that during the month of March plaintiff was about the office of the company ready to perform any services demanded of him, and that he in fact did during that month perform a number of services for the company and everything that he was required or requested to do.   As to the month of April the case is different. The plaintiff testifies that during that month he presented his contract to the book-keeper and general manager, and told him he would expect to be paid in accordance therewith.   He was informed that the company had nothing more for him to do.   It also appears that during that month he was absent from the company's place of business and engaged in another town in other employment.   The petition, as already stated, was for wages earned.   We are aware that some old cases held that under such a count recovery could be had where a servant was wrongfully discharged before the expiration of his term of employment.   This was upon the theory that the services were constructively performed, where actual performance was prevented by the wrongful act of the master.   This doctrine has, however, been repudiated in England where it arose, and we think the law now is, especially under the Codes, where real and not fictitious causes of action must be pleaded, that an action for wages will only be sustained by proof that the services were performed, and where the action is for dam-

ages for breach of contract to employ the case must be so pleaded. (*Howard v. Daly,* 61 N. Y., 362; *James v. Allen County,* 44 O. St., 226.) The burden of proof was on the plaintiff to show that he performed the services in April, and as he does not fix the time of his discharge, his proof fails as to that month under the averments of his petition.

It is next argued that there was no evidence charging the company with liability. To this we cannot agree. The construction of the canal was undertaken by Jones & Bond. The contract was made with Wildman in August, 1890. In the latter part of that month the company was incorporated, and there was evidence tending to show, although not without contradiction, that the company took up the work September 1, retained Wildman in its employ and paid him each month at the rate and in the manner provided for in his contract until March 1, 1891. These facts were sufficient to establish a novation, and charge the company with the performance of the contract.

In this connection it is argued that the company could not be jointly liable with Jones and Bond; that if there was no novation it released the company. We cannot find that this objection was raised in any manner in the district court. If the petition stated a cause of action against the company and the proof established it, no question of misjoinder having been raised, the company cannot now be heard to complain of the misjoinder. Jones and Bond made default. They do not complain of the judgment against them, and the company cannot do so.

It is argued that the petition does not state a cause of action against the company, for the reason that it does not specifically allege that the plaintiff performed the services contracted for. The allegation of the petition in this respect is that plaintiff " has kept and performed all the conditions of his part of said contract, so far as he was permitted to do by the defendants." This averment might have been open to attack by motion, but we think it was a

sufficient averment of performance as against demurrer or
objection on the trial to the introduction of evidence.    The
latter was the only method adopted to raise the question.
On redirect examination the plaintiff was asked upon what
consideration the contract was based.    His answer was that
in consideration for the employment plaintiff was to trans-
fer certain water rights and privileges he owned.    The ad-
mission of this testimony over the company's objection is
assigned as error.    We think the evidence was properly
admitted.    On cross-examination the company had shown
by the plaintiff that his work had been in the office, and
that during the month of March the services performed by
him were not very continuous in their character, or great in
amount.    The fact that to obtain employment plaintiff had
transferred to the company these water rights was material
and proper in redirect examination for the purpose of ex-
plaining that the somewhat slight services were, perhaps,
all that the contract contemplated.

On the measure of damages the court instructed the jury
that if it should find for the plaintiff, he could not recover
to exceed $100 per month.    It is claimed that this instruc-
tion was erroneous for the reason that the contract was
that only $60 a month should be paid in cash, and that
the remainder should be in perpetual water rights, and
there was no evidence as to the value of such rights.    But
the parties had by their contract fixed such value.    It did
not provide what water rights should be transferred to
plaintiff, but that he was to have water rights to the value
of $40 per month.    On failure to perform, the plaintiff
was, therefore, clearly entitled to $100 per month.

We find no error in the record prejudicial to the com-
pany, except that the plaintiff was allowed to recover for
the month of April, while the proof did not justify such
recovery.    For this error the judgment must be reversed,
unless the plaintiff shall, within forty days from the filing
of this opinion, enter a remittitur for $100, with interest

at seven per cent from the 16th of September, 1892, the date of the judgment. If he do so, the judgment will be affirmed.

JUDGMENT ACCORDINGLY.