FRANCIS H. WARE, ADMINISTRATOR OF THE ESTATE OF
     CARL N. WARE, DECEASED, PLAINTIFF IN ERROR, v.
     JAMES McMURRAY, DEFENDANT IN ERROR.

Submitted July 8, 1906—Decided November 12, 1906.

Where compensation is to be made in some other thing than money,
     and there is a refusal to comply with the agreement to compensate
     in the specific way provided, the plaintiff is entitled to recover as
     compensation what the specific thing which he was to receive is
     worth. This is to be ascertained in the usual way of arriving at
     the value of real or personal property.

On error to the Burlington County Circuit Court.

Before Justices FORT, GARRETSON and REED.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *Herbert C. Bartlett.*

The opinion of the court was delivered by

FORT, J.   This was an action upon contract to recover
from the defendant for services rendered by the plaintiff's
intestate in the organization of a company. The claim was
that the services of the plaintiff's intestate in securing a party
to finance a new company to take over the fruit jar and bottle
closure company were to be compensated by his receiving
from the defendant $5,000 of stock in the new company, and
the proof was that the defendant had admitted this to the
plaintiff after the death of his intestate, and had promised to
comply with his contract within a reasonable time.

There was no controversy in the cause but that the plaint-
iff's intestate had performed the services.

Carl M. Ware, the deceased, was a lawyer with an office at
Millville, in this state. This suit was instituted against the
defendant some months after his agreement to carry out the
original contract with the deceased, and upon the theory that

more than a reasonable time had elapsed to give him opportunity to do so, and that he had refused.

We think the evidence would have justified the jury in finding that the defendant· had not performed his contract within a reasonable time after demand made by the plaintiff upon him to so do.

We also think that the services were proven.

The plaintiff was nonsuited. No reasons were given by the court for the nonsuit, and the grounds upon which the nonsuit was asked are so indefinite and uncertain that we are not able to gather from them the reasons for the nonsuit.

We think that the plaintiff, on the proof, was entitled to go to the jury, and if nothing were proven other than the mere promise to give $5,000 worth of stock in the reorganized company, and there was no evidence of the value of the stock that the plaintiff would have been entitled to a verdict of six cents on this proof, but, in any event, we think that a nonsuit could not be ordered.

Where compensation is to be made in some other thing than money, and there is a refusal to comply with the agreement to compensate in the specific way provided, the plaintiff is entitled to recover as compensation what the specific thing which he was to receive is worth. This is to be ascertained in the usual way of arriving at the value of real and personal property. *Hinchman* v. *Rutan,* 2 *Vroom* 497. So here, if the plaintiff had proven the value of the stock, that would have been the measure of his right to compensation under his contract, but the fact of his failure to prove this value did not entitle the defendant to a nonsuit, but might have limited the plaintiff's right to recover to merely nominal damages.

The verdict will be set aside and a new trial granted.