# MORRIS MEYER *vs.* ISAAC FRENKIL.

*Contract Partly in Writing and Partly Oral—Instruction to the Jury—Action on Common Counts When Special Contract Was Not Completed—Judgment Against One Joint Defendant in Action Ex' Contractu.*

When the contract for the improvement of a house is in writing as to a part of the work to be done and oral as to other parts, it is for the jury to determine from all the evidence what the contract between the parties really was. In an action to recover compensation for the work a prayer is proper which instructs the jury that it is their duty to determine whether or not the whole of the contract between the plaintiff and defendant was embraced in the paper offered in evidence dated November 7th, and if they find that the whole of the contract was not embraced in that paper, then it would be their duty further to find from all the evidence what the contract was. This prayer does not submit to the jury the construction of the agreement dated November 7th.

In an action where the declaration contained only the common counts in *assumpsit,* the plaintiff's evidence showed that there was a special contract by which he agreed to do certain work for the defendant and to supply certain materials; that after a part of the work had been done, defendant refused to allow plaintiff to complete it, and that the defendant had not made

payments as agreed. *Held,* that a prayer is erroneous which instructs the jury that if they find that there was a contract for certain materials to be furnished and work to be done by the plaintiff for the defendant for a specific sum, and shall further find that other materials were furnished and other work done for the defendant at his request, then their verdict must be for the plaintiff for the sum if any be due under said contract, together with the reasonable value of the extra materials and extra work, less such sum as may have been paid by the defendant to the plaintiff. This prayer does not require the jury to find that the plaintiff's failure to complete the contract was due to the fault of the defendant, or that the work actually done was accepted by the defendant, or that the special contract therein mentioned had been performed.

In an action on the common counts in *assumpsit,* a prayer is erroneous which instructs the jury that under the pleadings in this case, the plaintiff has not stated such a case as to entitle him to recover and the verdict must therefore be for the defendant. This prayer raises no question as to the evidence in the case.

When a suit on a contract is brought against two defendants jointly, there may be a judgment against one of them and in favor of the other, under Code, Art. 50, sec. 12.

*Decided March 31st, 1910.*

Appeal from the Circuit Court for Charles County (CAMALIER and CLAGETT, JJ.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Adrian Posey* and *Israel S. Gomborov* (with whom were *F. Stone Posey* and *Thomas Charles Williams* on the brief), for the appellant.

*Mitchell & Digges,* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is the defendant's appeal from a judgment rendered against him in the Circuit Court for Charles County. The record contains two exceptions; but the first was abandoned in this Court at the hearing. The second exception brings up for review the propriety of the action of the Court in granting the plaintiff's first and second prayers, and in refusing the defendant's fourth prayer, which sought to withdraw the case from the consideration of the jury.

The suit was brought to recover a balance of $898.95 for work done and materials furnished by the plaintiff in the repair and improvement of a property in the City of Baltimore owned by the defendant. By an account filed in the case by the plaintiff he claims to have furnished materials and fixtures for the property to the amount of $723.95, and to have done work and labor upon the premises to the amount of $650.00, thus making the total sum of $1,373.95 for work and materials done and furnished in connection with the improvements of the property. Upon this sum the account shows the following credits, viz:

CREDITS.

1904—
    December 15th, by check.............. $120.00
                  " certain allowances...    5.00
1905—
    January 2nd,  " cash...............    100.00
       " 6th,   " "  ...............    100.00
    March 3rd,  " draft.............    150.00

                                   $475.00

The declaration is in assumpsit, and contains the common counts only. There were no special exceptions filed to the prayers, and, therefore, the only question for us to decide is whether, upon the evidence appearing in the record, there is reversible error in the action of the Court upon the prayers.

There is a sharp conflict in the testimony of the parties upon the vital questions in the case, and the conflicting con-

tentions of the parties required the submission of the case to the jury upon distinct hypotheses of fact from which diverse conclusions of law would necessarily result.

The plaintiff testified that he agreed with the defendant to do certain plumbing, sanitary work, gas fitting and other work, and to furnish the material; that this work was to be done on the premises known as No. 126 North Eden street, in Baltimore City; that there was a paper writing dated November 7th, 1904, signed by the defendant, as to a part of this work, viz, three sanitary closets which were to be put in for the sum of $200.00; but that the *other work and materials the defendant was to pay for at its reasonable worth;* that the defendants from time to time instructed him as to what work they wanted done, and from time to time made changes in the work, and sometimes ordered work which had been completed to be re-constructed to meet such changes; that sometimes both defendants would jointly give instructions; that at other times the husband alone, or Hilda Meyer, his wife, alone would give instructions; that a large boiler was ordered by the husband, and a small one by the wife; that the defendants sometimes jointly and sometimes separately would instruct him to change and alter the work. He further testified that the work done in and about the premises amounted to $650.00, and that the materials furnished amounted to $723.95, and that allowing certain credits from December 15th, 1904, to March 3rd, 1905, there was due to him a balance of $898.95. He also testified that this work was done and materials furnished between November 7th, 1904, and February 7th, 1905; that the defendants refused to make further payments on account of the work as agreed; that in the latter part of February, 1905, or the beginning of March, 1905, he and Morris Meyer, met in Baltimore for the purpose of settling their dispute, and agreed to submit the same to arbitration, which they did; that no written submission was ever effected, nor was ever any written decision rendered, but that the arbitrators found that there was $800.00 due to the plaintiff by the defendant; that the defendant then

offered to him a promissory note for $800.00, that he required an endorsement on said note, and that the defendant did not furnish the same, *and refused to permit the plaintiff to complete the work;* that at that time the work was nearly completed, and that the defendant had not complied with his agreement in making payments on account as the work was done and the material furnished. The plaintiff produced three workmen, who were engaged in the work on the premises, and who corroborated the testimony of the plaintiff as to work done and materials furnished. G. Schwartz, testified that he was a member of the board of arbitration, above referred to, and that the award was made in favor of the plaintiff as testified to by him.

Herman Meyer, a son of the defendants, testified that on the seventh of November, 1904, the plaintiff and the defendant, Morris Meyer, entered into an oral agreement *to do all the work and to furnish all the materials in question for the sum of $911.00, including the three sanitary closets;* that Morris Meyer had paid to the plaintiff on account of that work the sum of $745.00, and introduced in evidence seven checks drawn on the Mercantile Trust & Deposit Company of Baltimore for that sum, and testified that the proceeds of these checks were received by the plaintiff on account of the work done and materials furnished under the contract; that on the 22nd of February, 1905, the plaintiff sent to the defendant the following contract, which he asked the defendant to sign and return in order that he might go ahead with the work. The proposed agreement was as follows: "This agreement made this 7th day of November, 1904, between M. Meyers and wife of the first part and I. Frenkil of the second part, both of Baltimore City, Md.

"Mr. I. Frenkil agrees to fit in and furnish 8 bath tubs at 126 N. Eden street, hot and cold water heater boiler and washstand on ground floor back building. For which M. Meyers and wife of the first part agree to give him $475.00, four hundred and seventy-five dollars.

"And Mr. I. Frenkil also agrees to fit in one 100 Gal. boiler and furnish same with connections for which M. Meyer and wife agree to give him $50.00, fifty dollars (over), and it is also agreed by Mr. I. Frenkil to fit up (3) three separate gas suppliers with gas fixtures and brackets on each floor for which M. Meyers and wife agree to give him one hundred and forty-one dollars ($141.00). And Mr. I. Frenkil agrees to fit up first, second and third floors four (4) gal. sinks with water pipes and connections for which Mr. I. Frenkil agrees to do for $50.00 and which M. Meyers and wife agree to give him.

"All the above work to be done at 126 N. Eden street and for which M. Meyers and wife agree to give M. I. Frenkil the sum of $716.00, seven hundred and sixteen dollars."

The witness further testified that Morris Meyer refused to sign this contract; first, because the name of Hilda Meyer was included in it, as she had no interest therein, or in the property; secondly, because an item of $45.00 for roofing was not included; thirdly, because the $50.00 for the second boiler should not be included, as the plaintiff had agreed to put in one boiler which would furnish all the necessary water. He testified that there was no arbitration, but that the plaintiff refused to complete the contract unless he received his money in advance; that Morris Meyer told the plaintiff he was willing to leave the matter to three disinterested parties; that the plaintiff and defendant then met some people who listened to the plaintiff's statement of the case, and told him he had better go ahead and complete the work; that the plaintiff refused to complete the work, and that the defendant was compelled to pay to Abraham J. Seitzman and Max Klaze the sum of $131.00 or $161.00 to complete a certain part of Frenkil's work, and that he paid to John A. Graham $375.00 for completing another part of the work; and that instead of $911.00 which he had originally contracted to pay he had to pay a sum of either $1,151.00 or $1,181.00, and that the defendant had overpaid the plaintiff's account.

Morris Meyer, the defendant, testified that he made an oral contract on November 7th, 1904, for the whole work, and corroborated in all substantial particulars the testimony given by Herman Meyer. He testiled that the following agreement, which appears in the record, was made between himself and the plaintiff on the seventh day of November, 1904, but was not reduced to writing until November 11th, 1904, viz: "This agreement made this seventh day of November, nineteen hundred and four, between M. Meyers of the first part, and I. Frankil of the second part, both of Baltimore City. That in consideration that I. Frenkil of the second part agrees to put in three sanitary closets in house 126 N. Eden street on first, second and third floors, Mr. M. Meyers of the first part agrees to give him two hundred dollars.". This agreement is under seal, and signed by M. Meyer only. The witness testified that the plaintiff asked him to put the contract *as to the sanitary closets* in writing, stating that unless it was put in writing he would not be given a permit by the city authorities to do the work; that he had never altered, or changed the oral contract of November seventh, 1904, nor did he ever authorize anyone to alter or change it, and that he never instructed the plaintiff to do any other work or furnish any other materials, nor did he authorize anyone else to do so.

Hilda Meyer, one of the defendants, testified that she had no interest in the property, nor in the contract, nor did she ever have any, and that she was not one of the contracting parties; that she was at the time the work was being done temporarily residing at the Eden street house, and did from time to time give orders and make suggestions relative to the contract, or to the work done and materials furnished, because she thought as the wife of the defendant, she had a right to do so, that sometime either in February, 1905, or the beginning of March that year the plaintiff called at the Eden street property, and stated that he came to complete the work; that she told him her son had the key and that she would send for it; that she did send a messenger for the key, that when

the plaintiff saw the messenger returning with the key he walked away and never returned to complete the work.

In rebuttal the plaintiff testified that he sent a letter to Morris Meyer on February 22nd, 1905, enclosing the proposed contract hereinbefore transcribed, and in reply thereto received a letter in which the defendant said that he did not intend to pay a single penny until the work was finished. He further testified that two of the checks produced in evidence by the defendant, to wit, one for $50.00 and one for $100.00, were not given on account of the work but were cashed by him for Mrs. Meyer who had received the money, and that another of these checks, one for $145.00, was given to him for other work which he had done and which was not included in the contract in this case.

We have stated all the material facts, and upon these the Court granted two prayers on behalf of the plaintiff as follows:

1. The plaintiff prays the Court to instruct the jury that it is the duty of the jury to determine whether or not the whole of the contract between the plaintiff and the defendants or either of them was embraced in the paper writing offered in evidence signed by M. Meyer and dated November seventh, 1904, and if they shall find that the whole of the contract was not embraced in said paper writing then it will be their duty further to find from all the evidence in the case what the said contract was.

2. The plaintiff prays the Court to instruct the jury that if they find from the evidence that there was a contract for certain materials in question to be furnished and work to be done by the plaintiff for the defendant Morris Meyer at and for a specific sum, and they shall further find that other materials in question were furnished and other work done by the plaintiff for said defendant at his request, or any one representing him, then their verdict must be for the plaintiff for the sum, if any due under said contract, together with a fair and reasonable value of the extra materials furnished or extra

work done, if any, less such sums, if any, they shall find shall
have been paid by the defendant to the plaintiff.

We find no error in the first instruction. It was not pre-
tended by either party that the paper writing dated November
seventh, 1904, embraced the whole contract. It is conceded
by both that that paper had reference only to the sanitary
closets, and, according to the appellant's evidence, it was
signed by him at the request of the plaintiff on the eleventh of
November, 1904, and his evidence on this point is not dis-
puted. Nor is it denied that these three closets were to be
put in for the sum of $200.00, as expressed in that instru-
ment. The dispute is as to the terms of the contract with re-
spect to other work and materials. The testimony of the
plaintiff was that the defendant agreed to pay for this work
and material at "its reasonable worth;" that of the defendant
was that the plaintiff was to do all the work and furnish all
the materials, including the three sanitary closets mentioned
in the contract dated November seventh, 1904, for $911.00.
It is evident that the contract for this work was only partially
reduced to writing, and there appears to be a direct conflict
in the testimony as to its other terms.

Under such circumstances, it was the duty of the jury to
find what the contract was from all the evidence in the case.
The facts bring the case fully within the principle announced
in *Roberts* v. *Bonaparte,* 73 Md. 191, that where the contract
is to be made out partly by written documents and partly by
oral evidence, the jury must deal with the whole question, and
determine from all the evidence what the contract between the
parties was. The prayer does not, as urged by the appellant,
submit to the jury the construction of the written agreement
dated November 7th, 1904. It merely requires the jury to
find what the contract between the parties was. And this
under the conflicting evidence was a proper question to be
determined by the jury.

The soundness of the plaintiff's second prayer must be
tested by the application of familiar principles to the hypo-

thesis of facts stated in it. Can a right of recovery be predicated of the facts stated in that prayer?

The undisputed testimony is that there was a special contract or agreement between the parties by which the plaintiff was to do certain work and supply materials. It is admitted by the plaintiff that he did not perform his contract. The reason he gives for his non-performance is that the defendant refused to permit him to complete the work, and he had not complied with his agreement as to payments. Upon these facts the plaintiff could not recover on the contract, nor could he recover upon the common counts, unless he showed acceptance by the defendant of the work, or a legal excuse for non-performance. Where a special contract has been put an end to by the defendant, or its performance prevented by his act the plaintiff may recover under the common counts whatever may be due for so much of his contract as has been performed; but where there is a subsisting special contract which has not been performed by the plaintiff, or where its performance has not been waived, or prevented by the defendant, the plaintiff cannot recover on the common counts in assumpsit for its part performance. *Bull* v. *Schuberth,* 2 Md. 38; *Rodemer* v. *Hazlehurst,* 9 Gill, 215; *Watkins* v. *Hodges,* 6 H. & J. 37; *Gill* v. *Vogler,* 52 Md. 663; *Fairfax Forest Co.* v. *Chambers,* 75 Md. 605.

Tested by these principles, the second prayer of the plaintiff is bad. It does not submit the conditions essential to a recovery in this case upon the common counts in assumpsit. It allows a recovery in general assumpsit in a case where the plaintiff has not performed his part of the contract, without submitting to the jury to find that his failure to complete the contract was due to the fault of the defendant, or that the work actually done was accepted by the defendant. Nor does the prayer submit to the jury that the contract therein mentioned,—evidently referring to the contract respecting the three sanitary closets—had been performed. Had the prayer left it to the jury to find that this contract had been performed, and the completion of the other work prevented by

the defendant, or that the other work had been accepted by tht defendant, it would have stated conditions under which the plaintiff would have been entitled to recover under the declaration. The prayer as granted was evidently wrong and calculated to mislead the jury and injure the defendant.

The defendant's fourth prayer was as follows:

The defendants pray the Court to instruct the jury that under the pleadings in this case the plaintiff has not stated such a case as to entitle him to recover, and the verdict must therefore be for the defendant.

This prayer was properly refused. It raises no question upon the evidence, and if it was designed to attack the validity of the declaration we need only say that, under the authorities cited, the declaration is good.

As to the motion in arrest of judgment. The jury found a verdict in favor of the defendant, Hilda Meyer, and the first ground of the motion in arrest is that, as the appellant and his wife were sued jointly and filed joint pleas, the verdict should have been joint. The answer to this contention is found in Article 50, section 12 of the Code, 1904, which provides: "In suits brought against alleged joint debtors in actions *ex contractu* it shall not be necessary for the plaintiff to prove their joint liability as alleged in order to maintain his action; but he shall be entitled to recover as in actions *ex delicto* against such one or more of the defendants as shall be shown by the evidence to be indebted to him; and judgments shall be entered in his favor against such one or more of said defendants as fully as if the defendant or defendants against whom he shall fail to establish his claim had not been joined in the suit." *Wilmer* v. *Gaither,* 68 Md. 349; *Westheimer* v. *Craig,* 76 Md. 399.

The second reason urged in support of the motion is that the contract of November 7th, 1904, was under seal. As to this it need only be said that there was nothing due under that contract at the time the suit was brought, as appears by the account filed and the evidence contained in the record, and the case was properly treated as one in assumpsit. The other

questions raised upon the motion are disposed of by what we have said in discussing the plaintiff's second prayer, and for error committed in granting that prayer the judgment must be reversed.

*Judgment reversed and new trial awarded,*
*with costs to the appellant.*