JAMES W. WADDELL AND M. BRENT WADDELL,
PARTNERS, TRADING AS THE JAMES WALLACE
PACKING CO.,

*vs.*

LEVI B. PHILLIPS, ALBANUS PHILLIPS AND W.
GRASON WINTERBOTTON, PARTNERS, TRADING
AS PHILLIPS CAN CO.

*Written contracts: part performance.   Sales: "about" so many.*

In general, where a written contract is the foundation of a
cause of action, and the contract has not been performed by
the plaintiff, or where its performance has not been waived or
prevented by the defendant, the plaintiff can not recover under
common counts for its part performance.                    p. 499

When a suit is brought upon a written contract for the full
amount claimed to be due thereunder, it is proper and material
to set the contract out in the declaration.                p. 499

Pleas that are argumentative in form, based upon the defend-
ant's construction of the contract sued on, are improper and
demurrable.                                                p. 500

In a contract for the sale and purchase of "about" so many
articles, the word "about" imports that the actual quantity is a
near approximation of that mentioned.                      p. 501

Under a contract to furnish about 500,000 cans of one kind
and 200,000 cans of another kind, a delivery of 650,000 of one
and 209,500 of the other is a sufficient compliance.  pp. 501-502

*Decided January 15th, 1919.*

Appeal from the Circuit Court for Dorchester County.
(PATTISON, C. J., and BAILEY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*James U. Dennis* and *V. Calvin Trice* (with whom was *William N. Andrews* on the brief), for the appellants.

*Frederick H. Fletcher* (with whom were *T. Sangston Insley, W. Laird Henry* and *Fletcher & Jones* on the brief), for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

Albanus Phillips and others in the year 1916 were carrying on business at Cambridge, Dorchester County, under the name of the Phillips Can Co. That business consisted in the manufacture and sale of tin cans for packing fruits and vegetables.

The James Wallace Packing Co., a partnership, was engaged in canning fruits and vegetables. This cannery was also located at Cambridge.

On the first day of May of that year, 1916, a contract was entered into in writing between these two firms, which began as follows:

"We have this day sold to the Jas. Wallace Packing Co., Cambridge, Md., their requirements of cans for 1916 packing season, cap hole 2 1/16 opening, as follows:

"About 500,000 No. 3 cans and about 200,000 No. 2 cans; price," etc., etc.;

and the contract closes with these words:

"The above cans guaranteed against leaks until January 1st, 1917, at cost price of cans and contents in excess of two to the thousand, and this agreement is subject to fires, strikes or other causes beyond our control, excepting lack of tin plate."

This was signed by the Phillips Can Co. and is marked "Accepted" by the James Wallace Packing Co.

The present suit is to recover the price stipulated in the contract for the cans thus agreed to be manufactured and sold.

The declaration contained the common counts, with an eighth count reciting the terms of the written contract, though not referring to it as a written agreement, and a ninth count sets out the contract above mentioned in full.

The defendants demurred to this ninth count and the plaintiffs demurred to the defendant's plea to the eighth count.

The Circuit Court for Dorchester County overruled the demurrer of the defendants, and sustained the demurrer to the defendants' plea to the eighth count. The questions so presented upon the pleading were also involved in the rulings on evidence contained in the defendants' first and second bills of exceptions. The third bill of exceptions was reserved to the ruling of the Court upon the defendants' prayers, all of which were rejected. These prayers presented, in a greater or less degree, the same questions which had been raised by the pleadings in the case.

It is a familiar rule that where there was a written contract, which is the foundation or cause of action in a suit, and that contract has not been performed by the plaintiff, or where its performance has not been waived or prevented by the defendant, the plaintiff can not recover on the common counts in assumpsit for its part performance. *Meyer* v. *Frenkil,* 113 Md. 45.

The demurrer of the defendant was to the ninth count in the declaration, which count particularly set forth the written agreement between the parties. The suit was to recover for the entire amount of the contract, and it was, therefore, both proper and material since there was a written contract, that the plaintiff should allege it in his declaration, and the demurrer of the defendant was, therefore, properly overruled.

The defendants' plea to the eighth count set up the contract in writing, and stated the important part of its terms,

but it went beyond that and assumed an argumentative form, based upon the defendants construction of the contract, and, therefore, the demurrer to this plea was properly sustained.

The plaintiffs' upon their part entered upon the performance of the contract, and during the course of the season furnished the defendant with 330,240 No. 2 cans, and 509,536 No. 3 cans. The requirements of the defendants for the packing season of 1916 turned out to be in the neighborhood of 300,000 in excess of these figures, and the plaintiffs declining to furnish this additional number, the defendants were obliged to purchase their requirements in the open market at a greater price than that named in the contract, which excess they now ask to recoup, or set off as against the amount due by them to the plaintiffs. The important question is the construction to be placed on the provisions of the contract to supply the requirements of the defendants for their pack of the season of 1916, about 700,000 cans.

The contention upon the part of the defendants is that their contract was for their entire requirement for the packing season of 1916, irrespective of the number of cans required for that purpose, and that as the plaintiff refused to make further deliveries on the 30th August compelling the defendants to purchase the additional number of cans required for their pack, they are entitled by a plea in set-off, under the provisions of the Act of 1914, to recover as against the plaintiffs', the difference between the contract price as set out in the agreement of May 1st, and what it cost them to purchase the additional cans in the open market.

It appears from the record that of the No. 2 cans, the plaintiffs actually furnished to the defendants 130,000 more than the number named in the agreement, and of the No. 3 cans, 9,500 more.

In 1 *Corpus Juris.* 335, it is said with regard to the word "about": "While the use of the word gives a margin for a moderate excess in or diminution of the quantity mentioned, it can not reasonably indicate that such margin may include a very large fraction or percentage of the whole."

There was some evidence, which came in without objection, relative to a conversation between the parties just prior to entering into the agreement of May 1st, which was the occasion of the insertion into the contract of that expression. If objection had been made to this evidence it would have been inadmissible. *Peterson* v. *Chaix,* 90 Pac. 948. But its admission throws very little light upon the solution of the question which we are considering.

In the matter of sales it is generally construed as indicating an approximation of the quantity desired, or agreed to be sold. *Sample* v. *Pickard,* 74 Mich. 416; *Rib River Co.* v. *Ogilvie,* 113 Wis. 482. It is generally regarded as synonymous with the expression "not far from." *Indianapolis Cabinet Co.* v. *Herrman,* 7 Ind. App. 463. In *Cabet* v. *Winsor,* 83 Mass. 546, it is said, that where a sale is for a specified amount the effect of the use of such a word as "about," is only to permit the vendor to fulfill his contract by a delivery of so much as may reasonably and fairly be held to be a compliance with the contract, after making due allowance for the excess or short delivery arising from usual and ordinary causes.

There are a large number of English cases in which the same question has arisen, and they follow the same general principle.

In this State the question came before this Court in the *Baltimore P. B. & L. Soc.* v. *Smith,* 54 Md. 187, which was a land case, and this Court there said, that the force of the qualifying word is simply, that while the parties do not bind themselves to the precise quantity, it imports that the actual quantity is a near approximation to that mentioned, and to the same effect is the *Pine River L. & I. Co.* v. *U. S.,* 22 Sup. Ct. 920, where an attempt was made to stretch the meaning of a contract for about 2,750,000 feet of lumber to cover 17,000,000 feet.

In this case we have of the No. 2 cans 130,000 in excess of the number named in the agreement, supplied by the plaintiffs, and 9,500 cans No. 3 in excess of the figures named in

the agreement. This would seem to fully gratify the requirements laid down in the cases, and summarized in the quotations already made.

In view of the evidence referred to of conversations between the parties, which led up to the contract, the defendants have only themselves to blame for any additional expense they may have been put to, as they knew better than any one else what their plans and engagements for the approaching packing season were.

The plaintiffs offered no prayers; the defendants offered six, all of which were refused, and properly so, for the reason that they ignored entirely one element, and that an important one, of the agreement. They all assume or ask the Court to categorically instruct a verdict for them, based upon a partial statement of the contract.

The judgment appealed from will accordingly be affirmed.

*Judgment affirmed, with costs.*