# THOMAS J. SCHNEIDER

*vs.*

# HAGERSTOWN BREWING COMPANY.

*Master and Servant—Salary to be Paid in Stock—Action for Breach—Measure of Damages—Appeal.*

That, after an employee informed his employer that he had secured employment elsewhere, and that he would no longer continue in that employer's service, the employer procured another person to fill his place, does not indicate a consent to the employee's abandonment of his position, relieving him from the consequences of a breach.                          p. 153

The breach of a contract of employment by the employee's abandonment of his position disentitles him to claim any of the stipulated compensation except such as has previously accrued.                          p. 153

A five-year contract of employment providing that the employee should receive a named amount of stock in the employer company at the end of each year, the employee, though he broke the contract during the fourth year by accepting a position elsewhere, was entitled to recover the value of the stock which was to have been issued to him during the first three years, as being a part of the stipulated compensation which had accrued before the breach.                          p. 154

Where a contract of employment is entire and indivisible both as to the period of service and as to the payment of compensation, the breach thereof by the employee's abandonment of the position deprives him of any right of action as for partial performance.                          p. 154

Where a contract of employment provided for payment of the employee's salary partly in cash and partly to the extent of $30 per month in stock of the employer company, "par value, $100 per share," the fact that the stock was not delivered as agreed, and that the employer had the option under the contract "not to issue any more stock" at any time it might so determine, did not entitle the employee to recover the nominal

par value of the stock, its actual value at the time provided by the contract for its issuance being the true measure and limit of his recovery. p. 155

Plaintiff, in an action for breach of contract to deliver corporate stock, not having offered any evidence as to the value of the stock at the time named for its delivery, and the jury having been instructed to find for defendant, to which instruction no objection was made on the ground that nominal damages might have been recoverable, *held* that the Court of Appeals would, while affirming the judgment, award a new trial under the provisions of Rule 8, that plaintiff might have an opportunity to prove the value of the stock. p. 156

*Decided February 20th, 1920.*

Appeal from the Circuit Court for Frederick County (WORTHINGTON, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Albert J. Long,* with whom were *Reno S. Harp* and *Jesse O. Snyder* on the brief, for the appellant.

*Henry H. Keedy,* with whom were *John S. Newman* and *William P. Lane, Jr.,* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant agreed in writing with the Hagerstown Brewing Company, the appellee, to serve as its brewmaster for the period of five years from December 5th, 1913. The agreement provided that the salary to be received by the appellant for his services should be $150 per month, "payable as follows: Thirty dollars per week in cash, payable on the 15th and 1st day of the month for twelve months (one year),

and at the end of the one year, the balance of salary, thirty dollars ($30.00) per month, to be paid in Brewery Company stock, par value $100.00 per share, making a total salary for the year eighteen hundred dollars ($1,800.00), and same to follow every year," so long as the contract remained in force. After serving under the agreement for three years and three months approximately, the appellant voluntarily severed his relations with the company on March 1st, 1917, having secured similar employment at another brewery. The cash compensation specified in the contract was regularly paid the appellant while he continued in the service of the appellee company, but none of the stock which was to form part of his salary was ever issued. There was no request for the stock by the appellant until his connection with the company was ended. In this suit he seeks to recover the par value of the stock to which he claims to have been entitled. The appeal is from a judgment entered on a directed verdict for the Brewing Company.

The only testimony in the case is that of the plaintiff, and it shows conclusively that in leaving the service of the defendant he committed a breach of his contract of employment. There is no support for the theory, urged in the argument, that the agreement was abrogated by mutual consent. According to the plaintiff's testimony he secured employment elsewhere and then notified the defendant company of that fact and of his intention to discontinue his service as its brewmaster. In view of the finality of this decision and announcement there was nothing left for the company to do but to employ another brewmaster to take the place which the plaintiff was vacating, and its recognition of that necessity could not be construed as a consent to his abandonment of the position.

The breach of the contract by the plaintiff disentitled him to claim any of the stipulated compensation except that which had previously accrued. As to the assertion of any other rights under the agreement, the plaintiff was clearly de-

barred by his own default in the performance of his contractual duty. The utmost extent of any legitimate claim he could prefer against the defendant, after his voluntary withdrawal from its service, was to be paid any installments of salary which were fully earned and payable at that time. 18 *R. C. L.* 536; 26 *Cyc.* 1043; Note to *Lynn* v. *Seby* (29 N. D. 420), *L. R. A.* 1916 E. 798. If the contract had been entire and indivisible both as to the period of service and as to the payment of compensation, the plaintiff's breach would have deprived him of any right of action for the partial performance. *Gill* v. *Vogler*, 52 Md. 666; *Meyer* v. *Frenkil*, 113 Md. 45; *Waddell* v. *Phillips*, 133 Md. 499. But the agreement was divisible as to the salary payments. The cash salary was payable semi-monthly, and the compensation in stock was to be settled annually. There were three annual installments of stock to which the plaintiff had become entitled prior to his breach of the agreement. The compensation in cash for which it provided having been fully paid, the only right which the plaintiff could still assert had relation to the stock which he had earned but had not yet received. The plaintiff's theory is that he is entitled to recover the par value of the stock because of the fact that the stock itself was not delivered. But this is not the proper measure of his right. It was the actual value of the stock, and not its nominal par value, which determined the real amount of his compensation by that form of payment. Consequently the actual value of the stock at the time provided by the contract for its issuance was the true measure and limit of his recovery. This was the rule applied in *Alexander* v. *Macauley*, 6 Md. 359, and recognized also in *Orange, A. & M. R. R. Co.* v. *Placide*, 35 Md. 315. The fact that the defendant had the option under the contract "not to issue any more stock," at any time it might so determine, does not affect the principle governing the case. The plaintiff agreed that a part of his compensation should be paid in stock, and his resulting loss would be precisely the same whether the

omission of the defendant to issue the stock was in violation of the contract or in the exercise of a right expressly reserved. There was no agreement that if the defendant at any time exercised its right not to issue stock to the plaintiff, he should be paid its par value in cash. The conduct of the parties while the contract was being performed tends to negative any such understanding. The omission of the plaintiff to ask for the stock during the three years and more when he was serving as brewmaster for the defendant may be explainable by the statement in the plaintiff's brief that the stock was then almost worthless, but that its value has since increased.

No evidence was offered as to the value of the stock at the periods specified for its issuance to the plaintiff, and hence there was no basis upon which a verdict in his favor for its value could be rendered. In *Orange, A. & M. R. R. Co.* v. *Placide, supra,* where part of the compensation for certain work was to be paid in bonds, "estimating them as worth seventy-five cents on the dollar," it was held that while the market value of the bonds at the time when the plaintiffs were to have received them would be the proper measure of recovery, if they were not delivered, yet the price upon which the parties agreed might be assumed to be their value in the absence of any proof to the contrary. In the present case there was no agreement as to the price or rate of valuation at which the stock was to be issued to the plaintiff in part payment of his salary. It was simply agreed that, at the end of each year, $360 of his stated annual salary of $1,800 should be paid in stock of the Brewery Company of the par value of $100 per share.

There being no proof from which the jury could find the value of the stock earned by the plaintiff as part of his compensation, an instruction was requested and granted to the effect that, under the pleadings, there was no evidence legally sufficient to entitle the plaintiff to recover and the verdict should therefore be for the defendant. No objection to this instruction was made on the ground that nominal damages

might have been recoverable, the plaintiff's contention being, as we have said, that he is entitled to recover the full par value of the stock claimed. While his theory is not sustainable to that extent, we think he should have an opportunity to prove the actual value of the stock, under the limitations of our ruling, and to that end we shall, in affirming the judgment, award a new trial under the provisions of Rule 8 of this Court (Code, Art. 5, Sec. 22).

The conclusions we have stated sufficiently dispose of all the questions presented by the record.

*Judgment affirmed and new trial awarded, costs in this Court to be paid by the appellant, and the costs below to abide the result.*