## WILSON vs. McLOGAN, INC.*
### (No. 1129; Febr. 9, 1926; 242 Pac. 1111)

APPEAL AND ERROR—PLEADINGS—DAMAGES — CORPORATIONS — CAUSE OF ACTION.

1. In action for damages for breach of contract to sell and deliver, petition alleging that "defendant induced plaintiff to purchase stock," overruling motion to make petition more definite and certain by stating terms of contract relied on was not prejudicial error.

2. The measure of damages for breach of contract to sell and deliver stock is based on value of stock at time of delivery as required under contract.

3. In action for damages for breach of contract to sell and deliver corporate stock, where value of stock at time of delivery under contract was neither alleged nor proved, it was *held* evidence supported only nominal damages.

4. Where only cause of action stated was for damages to employee by breach of contract to sell and deliver stock in employer corporation, employee could not recover wages due him on quantum meruit.

*NOTE—See Headnotes (1) 4 CJ p. 942 n. 67 (2, 3) 14 CJ pp. 717 n. 58; 718 n. 67 New; 17 CJ p. 722 n. 58 (4) 14 CJ p. 711 n. 73; 17 CJ pp. 865 n. 21; 866 n. 22.

APPEAL from District Court, Natrona County; CYRUS O. BROWN, Judge.

Action by James Wilson against McLogan inc. Judgment for plaintiff and defendant appeals. The facts are stated in the opinion.

*Hal Curran* for appellant.

Respondent did not plead a cause of action and appellant's objections to the introduction of immaterial evidence should have been sustained; respondent alleged a claim for money paid and then sought a recovery for work and labor; appellant's motion for judgment at the close of respondent's case should have been sustained; respondent's evidence was contradictory and there was no evidence as to the exact amount of stock he was to receive; he also admitted that he had borrowed money from appellant; he sought to recover for labor on quantum meruit; there was some proof that respondent was to work one year for a one-third interest in the company and if he quit within a year that he should forfeit his interest in the stock. The Ohio Code Section on variance, was adopted here; Bates P. & P. Vol. 1 page 496; under it the authorities hold that proof of a different cause of action, from that pleaded, amounts to failure of proof; Dean vs. Yates, 22 O. S. 388; Thatcher vs. Heisey, 21 O. S. 668; Hollister vs. Enlehart, 11 Hun. 446; Arnold vs. Angell, 62 N. Y. 508; Stone vs. Sanders, 18 CC (N. S.) 445; Harrison vs. Spitz, 16 CC (N. S.) 493; 69 O. S. 747; Johnson vs. Moss, 46 Cal. 515; Cull vs. San Francisco, 124 Cal. 591; the verdict should not go outside the issues; Metcalf Co. vs. Gilbert, 19 Wyo. 334; Evans vs. Cement Stone & Brick Co., 21 Wyo. 194; if this judgment stands, a subsequent action by Wilson for damages, or specific performance might be brought without successful objection or defense of res adjudicata. The allegations and proof must agree in order to support a judgment; Elliott vs. Lead Co., 53 Nebr. 358.

*Harry O. Warton* and *M. L. Bishop, Jr.* for respondent.

Plaintiff alleged that he was to receive $75.00 per week from defendant of which $25.00 would be applied on his purchase of stock; he purchased 57½ shares representing the sum of $575.00, the rate being $10.00 per share. The stock was never delivered; respondent was first employed by Kaufman, but one Stolpe soon thereafter acquired control of the corporation; it was proven that the union scale of pay was $75.00 per week for sign painters, and the fact that respondent received but $50.00 per week in cash corroborated his claim that $25.00 per week of his wages, was to be credited on his purchase of stock; appellant urges want of notice of respondent's intention to quit and seeks to show, that the fact that he did quit, operated as a forfeiture of his stock and a reduction of his wages, which contention is not borne out by the evidence. No forfeiture or fixed period of employment was agreed upon, and appellant proved none. Respondent proved his case, showing a purchase of stock, and that $25.00 per week was to be deducted from his weekly pay and applied in payment of the stock. For this reason the extensive list of citations furnished by appellant do not apply.

Kimball, Justice.

The plaintiff is a sign-painter who, from March to September, 1921, worked for defendant, a corporation engaged in the business of making signs.

In the petition it is alleged that defendant induced plaintiff to purchase 57½ shares of defendant's capital stock of the par value of $10 a share; that plaintiff paid in full for the stock at the rate of $25 a week from March to September, 1921; that defendant has refused to deliver the stock or the certificates therefor and refused to return the purchase money. The prayer was for judgment for $575 and interest.

Defendant's motion that plaintiff be required to make his petition more definite and certain by stating the terms

of the contract relied on was overruled, and the ruling is assigned as error.  The motion might, perhaps, have been sustained on the ground that the allegation that "defendant induced plaintiff to purchase stock" is not a very clear statement of defendant's promise, but we are not prepared to say that the ruling on the motion was prejudicial error.

The answer denied the facts stated in the petition and alleged that plaintiff's right to the shares of stock depended on his performance of the contract of employment, to be noticed later; that plaintiff breached the contract, and thereby damaged defendant.  The prayer was for judgment for those damages, and for $287 on a counterclaim for money loaned by defendant to plaintiff.

Trial was had without a jury, and the court found generally for plaintiff and gave judgment in his favor for $292 and interest.  The defendant appeals.

We shall assume that the petition states a cause of action for damages for breach of a contract to sell and deliver stock.  The measure of damages would be based on the value of the stock at the time when it ought to have been delivered.  This value was neither alleged in the petition nor proved on the trial.  The evidence, therefore, is insufficient to support a judgment for anything more than nominal damages.  Ware vs. McMurray, 79 N. J. L. 37; 64 A. 967; Schneider v. Brewing Co., 136 Md. 151; 110 A. 218; Clemmer v. Merriken, 144 Md. 675; 125 Atl. 394; 34 A. L. R. 928; Robinson v. Nobles Adm'rs., 8 Pet. 181; 8 L. ed. 910; Smith v. Dunlap, 12 Ill. 184.

Though it is not claimed that the petition states any cause of action, except for non-delivery of the stock, the plaintiff in producing his evidence at the trial seems to have proceeded on the theory that he was entitled to recover a balance due him for wages on a *quantum meruit*. It is clear, however, that his wages were fixed by contract, and even if he had sued to recover for his services, the

reasonable value thereof would have been immaterial. Metcalf v. Gilbert, 19 Wyo. 331, 116 Pac. 1017.

The testimony showed that plaintiff worked for defendant from March to September under an oral contract whereby plaintiff was to be paid $50 a week in cash and $25 a week in defendant's capital stock. During the term of service defendant paid plaintiff all the cash agreed to be paid, and made entries on the company's books showing plaintiff entitled to the amount of stock provided for in the contract. Plaintiff quit work September 10, having worked 23 weeks and then having credit on the defendant's books for capital stock of the par value of $575. The certificates for the stock were never delivered, because, as defendant claimed, the plaintiff's right to receive the stock under the contract depended on his continuance at work for at least one year. The contract, according to plaintiff's version of it, did not require him to work any particular length of time. The court's general finding must be taken as settling in plaintiff's favor the issue as to the terms of the contract. The evidence, then, was probably sufficient to establish the cause of action stated in the petition, and, if the actual value of the stock had been proved, to support a judgment for that amount and interest less any amount found due defendant on its counter-claim for money loaned.

If, instead of suing for damages for failure to deliver the stock, the plaintiff had sued for a balance due him for wages, the actual value of the stock might have been immaterial. The plaintiff's testimony might have warranted the finding that the contract of employment fixed his wages at $75 a week with an option to defendant to pay $25 of that amount in stock. If that were the true meaning of the contract, it would seem under many of the authorities that, on a refusal to deliver the stock, defendant would be liable on a money demand irrespective of the actual value of the stock. 17 C. J. 865; 6 R. C. L. 912;

Williston on Cont., Sec. 1398; Goodwin v. Heckler, 252 Pa. 332; 97 A. 475; McKinnie v. Lane, 230 Ill. 544, 82 N. E. 878; 120 Am. St. Rep. 388, and Beckwith v. Sheldon, 168 Calif. 742; 145 Pac. 97. See, also, Culberson Irr. & Water Co. v. Wildman, 45 Nebr. 663; 63 N. W. 947. But this principle last stated can have no application where the plaintiff alleges a purchase of stock and claims damages for non-delivery. Schneider v. Brewing Co., 136 Md. 151; 110 A. 218.

For the reasons above stated the judgment must be reversed and the case remanded for a new trial.

*Reversed and Remanded.*

POTTER, Ch. J., and BLUME, J., concur.