Daniel M. Webster, d. b. a., *vs.* W. H. Beebe, p. b. r.

*Pleading—Bill of Particulars—Plea of Set-Off—Application for*
*A More Certain Plea—Sufficiency—Drawing Out—*
*Abandonment—Subject of Set-Off—*
*Independent Transaction—Re-*
*coupment; Subject of—*
*Same Transaction.*

1.   It is not proper to annex a bill of particulars of matters of set-off to a plea of set-off—such matters should be set forth in the plea itself, and with such particularity and certainty as is necessary to inform the plaintiff and to bind and limit the defendant.

2.   Under prevailing practice in the Courts here, the plea of set-off may be drawn out, or it may be pleaded by memorandum plea.

3.   A failure to draw out a plea of set-off, after notice to do so, under

the rules of Court, or refusal of the plaintiff to join issue on memorandum plea, is considered an abandonment of the plea, and it will not be considered in the case.

4.   If upon notice, the plea of set-off is drawn out by the defendant, but it fails to contain that particularity and certainty which is necessary to inform the plaintiff, and to bind and limit the defendant, the plaintiff may decline to plead, and rule the defendant to file his plea with greater certainty.

5.   If when required, the plea of set-off is drawn out by the defendant, but not with sufficient certainty, the application for a more certain plea should then be made to the Court, if sitting.

6.   In the defense of set-off, all the elements of the statute, limiting the subject of set-off, must be present in the defendant's counter claim or demand.

7.   The defense of set-off arises out of an independant transaction, and not out of cross obligations between the parties under the transaction which is the basis of the plaintiff's action.

8.   If a notice of recoupment, required by rule of Court, is not given with reasonable certainty, the Court, *on motion*, will direct the defendant to set forth his recouping claim with greater certainty, or, if he fail to give notice in the manner and at the time prescribed, evidence of recoupment will not be admitted at the trial.

9.   In an action of assumpsit for goods sold, etc., the defendant may, under the general issue, at his election, with proper notice of recoupment, give in evidence matters of actionable damages, growing out of the transaction sued upon, in defense thereof, instead of bringing a separate action for such damages, but the demands of both parties must spring out of the same transaction.

Del. cases cited: *Edge Moore Iron Co. vs. Brown etc. Co.*, 6 *Penn.*, 10; 1 *Woolley Del. Prac.*, *Secs.* 499, 504.

Statute cited: *Sec.* 21, *Chap.* 106, *Rev. Code* (1893) *p.* 793.

*(April* 12, 1910.)

Judges BOYCE and HASTINGS sitting.

*John F. Neary* for appellant.

*Alexander B. Cooper* for respondent.

Superior Court, New Castle County, March Term, 1910.

Appeal from a Justice of the Peace (No. 55, January Term, 1909). Demurrer to plea of set-off and to notice of recoupment.

Boyce, J., delivering the opinion of the Court:

This was an action of assumpsit, with *pro narr* filed, for alleged breach to pay for certain alterations and repairs to a certain boat; for work and labor, etc.; for materials furnished, and other common counts. A bill of particulars was not demanded and none was filed. The defendant filed a plea of set-off of $200. for work· and labor, etc.; for materials furnished, etc.; and the like, alleged to be at the special instance and request of the plaintiff, to which plea there was annexed as a part thereof what purported to be a bill of particulars of the demand of the defendant against the plaintiff. The several items and amounts relied upon as set-off, with the dates and the names of the several parties, were specified with particularity. The plea of set-off with the bill of particulars thereunto annexed and made part thereof, was demurred to, for the reason, as alleged, that the said plea and the particulars thereof set forth by the bill of particulars did not state matters of set-off with reasonable certainty.

Annexing a bill of particulars of the matters of set-off, as was done in this case, is not in conformity with our practice, and should not be encouraged. Such matters should· be set forth in the plea of set-off itself, and with such particularity and certainty as is necessary to inform the plaintiff, and to bind and limit the defendant.

The Court has considered and decided the question before us as though it had been brought on a *motion* for a more certain plea, like moving for a further bill of particulars, which is the general practice. Our practice respecting a plea of set-off is this:

The plea of set-off may be drawn out or may be pleaded by memorandum plea.

The rules provide that a plea of set-off shall, if required, be drawn out; and a failure to draw out a plea of set-off *after notice*

Opinion.

to do so, or refusal of the plaintiff to join issue on the memorandum plea, is considered an abandonement of the plea and it will not be considered in the case.

The plea when drawn out shall state the matters of set-off with reasonable certainty, and if upon such a notice the plea of set-off be drawn out by the defendant, but fails to contain that particularity and certainty which is necessary to inform the plaintiff, and to bind and limit the defendant, the plaintiiff may again decline to plead and rule the defendant to file his plea with greater certainty of particularity. If, when such a situation arises, the Court is sitting, *the application* for a more certain plea of set-off should be made to it, the practice being very similar to that of *moving* for a further bill of particulars.

1 *Woolley on Delaware Practice, Section* 499, *p.* 358.

The statute limits the subject of set-off as a defense to the plaintiff's demand to mutual debts between parties to an action, due, at the time of the action brought, in the same right, and being for a sum liquidated, or which can be ascertained by calculation.

*Rev. Code* (1893), *Sec.* 21, *Chap.* 106, *p.* 793.

In a defense by way of set-off, all the elements of the statute must be present in the defendant's counter claim or demand. The defense of set-off arises out of an independent transaction, and not out of cross obligations between the parties under the transaction which is the basis of the plaintiff's action. Upon the state of the pleadings, in this case, in the absence of a bill of particulars by the plaintiff, we are unable to see that the matters relied upon by way of set-off are not properly subjects of set-off under the statute. Whether, or not, the defendant, at the trial, will be permitted to introduce the matters set forth in the bill of particulars annexed to his plea of set-off, as a defense to the plaintiff's action, will depend upon his ability to show that they arose out of an independent transaction between him and the plaintiff, and not out of the subject matter or transaction which is the basis of the plaintiff's action.

The demurrer to the plea of set-off is overruled.

The defendant also gave notice of recoupment. The notice was also demurred to for insufficiency of particularity of the counter claim relied upon, and for the further reason that it did not appear that the matters set up in the notice are subjects of recoupment in reduction of the plaintiff's demand.

The Court has considered and decided the question raised by the demurrer to the notice of recoupment as though brought up *on motion* according to our practice, which is this:

If the notice of recoupment, required by the rule, is not given with the reasonable certainity, the Court *on motion* will direct the defendant to set forth his recouping claim with greater certainty, or if the defendant fail to give notice in the manner and at the time prescribed by the rule, evidence of recoupment will not be admitted at the trial.

1 *Woolley on Delaware Practice*, Sec. 504, *p*. 361.

In an action of assumpsit for goods sold or work done, the defendant may, under the general issue, at his election, with proper notice of recoupment, give in evidence matters of actionable damages, growing out of the transaction sued upon, by way of defense instead of bringing a separate action for such damages. The demands of both parties must spring out of the same contract or transaction. Whenever the defendant submits his claim for damages, as a subject of recoupment in reduction of the plaintiff's demand, it must appear that the damages sought by recoupment resulted to the defendant by reason of some default or noncompliance on the part of the plaintiff with reference to the contract or transaction sued upon. (*Edge Moore Iron Co. vs. Brown etc. Co.*, 6 *Penn.* 10.) The notice of recoupment required by the rule of Court must, as we have said, be given with reasonable certainty. Upon the face of the pleadings, the terms of the undertaking between the parties not being fully set forth, we are unable to see wherein the notice of recoupment given in this case, is not sufficiently certain. Indeed the notice seems to fully meet the requirement of the rule of Court respecting such notice. Whether, or not, the defendant succeeds at trial on his defense

of recoupment, depends upon his ability to prove that the matters set up in his notice arose out of the undertaking upon which the plaintiff bases his demand.

The demurrer to the notice of recoupment is overruled.