JOSEPH KURTZ, PLAINTIFF-RESPONDENT, v. ADOLPH BUSCH AND AMELIA BUSCH, DEFENDANTS-APPELLANTS.

Argued January 6, 1925—Decided April 13, 1925.

Contracts—Memorandum Offered as the Terms of the Agreement, Provided That the Contract Should be Entered Into on a Specific Day—Agreement Tendered Differed From Memorandum—Court, Denying Contract Incomplete, Gave Judgment for the Plaintiff—Apparent That Memorandum was Merely a Tentative Agreement to Use as a Guide to the Formal Contract.

On appeal from the Jersey City District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellants, *Atwood C. Wolf.*

For the respondent, *Heyman & Heyman.*

PER CURIAM.

This is an appeal by the defendant from a judgment rendered in favor of the plaintiff by the First District Court of Jersey City. The action was to recover the sum of $500, deposit on an agreement between the plaintiff and defendant, which, among others, contained these provisions: "Said purchaser agrees to execute a contract of purchase on the following terms: price, $20,400; deposited herewith, $500; additional cash on signing the contract to be drawn and submitted August 14th, 1924, $500; * * * by second mortgage at six per cent. said mortgage to be reduced as follows, standing five years, interest every six months, $6,400, * * * contract will be drawn, executed and acknowledged by said parties August 14th, 1924." The defendants tendered an agreement calling for a first installment mortgage of $9,000 and a provision that certain encroachments on the public highway should be excepted. These conditions the plaintiff

refused to accept, and, the defendants indicating a purpose to stand on them, the present action was brought.

The trial judge deeming the contract incomplete, and also that the title was encumbered by the street encroachments, gave judgment for the plaintiff. Appellants contend that the judgment was not justified upon either ground.

It is apparent that the memorandum was but a tentative agreement which should be a guide in the drawing of a formal contract. It will be noted that the formal contract is not only to be drawn but submitted. Why submit if not subject to rejection, if not satisfactory on the points still left open? The important point of the installment mortgage was left undetermined, and the purchaser may well have declined to accede to the reduction provided for in the agreement, and he certainly was not obliged to accept a substitution of a first mortgage for the second as subject to the payment of installments.

In *Wharton* v. *Stoutenburgh*, 35 *N. J. Eq.*, 273, Mr. Justice Depue, speaking for the Court of Errors and Appeals, says: "The fact that parties negotiating a contract contemplated that a formal agreement should be prepared and signed, is some evidence that they did not intend to bind themselves until the agreement was reduced to writing and signed."

The encroachments also may well have been a ground of objection. They were not alone of steps, porches, awnings, and the like, but the building itself seems to have been erected with an overlap of the wall on Neptune avenue of one foot, two and three-fourths inches at the westerly point and at the easterly point four inches, and for the entire length of the wall of sixty-seven and sixty-seven hundredths feet it encroaches four inches. The encroachment on Old Bergen road at the north point was six inches, and runs to a point twenty-five feet south of the corner, and the entire building encroaches upon the public street. No authority has been shown that such encroachments are not substantial or that they do not affect the marketability of title, nor have we been referred

NEW JERSEY MISCELLANEOUS REPORTS. 391

to any statute which authorizes a municipality to sanction such encroachment.

The defendants claim that, even though the plaintiff had the right to reject the contract as tendered, it was encumbent on him to offer a contract in accordance with the original memorandum. The difficulty with this is that the encroachments on the property were fundamentally irremovable, and, further, the attitude of the defendants was such as to indicate a purpose to agree to nothing beyond that which they had already tendered respecting the installment mortgage.

The judgment will be affirmed.