WILLIAM YESKEL AND SAMUEL YESKEL, PARTNERS, TRADING AS YESKEL SUPPLY COMPANY, RESPONDENTS, v. SAMUEL GROSS AND PASSIE GROSS, APPELLANTS.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellants, *Grosman & Grosman.*

For the respondents, *Philip J. Schotland.*

The opinion of the court was delivered by

KATZENBACH, J.   This is an appeal from a judgment of the Essex County Circuit Court.   The judgment is for $3,041.22 and represents the amount of a vendee's deposit and search fees in a real estate transaction.   The case was submitted to the trial court on the pleadings and an agreed state of facts.

The trial court directed that a judgment be entered in favor of the plaintiffs. From this judgment the defendants below have appealed.

On October 22d, 1924, Samuel Gross and Passie Gross entered into an agreement with William Yeskel and Samuel Yeskel, partners trading as Yeskel Supply Company, to sell a property to them located in the city of Newark and known as the "Trefz Brewery" for the sum of $85,000. The purchasers paid down $2,500. When the time came for the delivery of the deed the sellers inserted in the deed a covenant which was to run with the land that the premises were not to be used as a brewery or for the manufacture of wines, beers, spirituous liquor, or malt beverages known as near-beer. The purchasers rejected the deed because the agreement of sale did not provide that such a covenant should be inserted in the deed. The vendors then filed a bill in the Court of Chancery praying for the reformation of the agreement and the specific performance thereof. The Court of Chancery dismissed this bill. *Gross* v. *Yeskel,* 98 *N. J. Eq.* 64. The decree of dismissal was affirmed by the Court of Errors and Appeals. 100 *Id.* 293. The Grosses then refused to pay the Yeskels the deposit money and the expenses incurred by them for searches and a survey. The present action was instituted to recover the deposit, search fees, and cost of survey.

The only ground of appeal specifically stated in the notice of appeal is the direction of a verdict in favor of the plaintiffs and the refusal to direct a verdict in favor of the defendants. Passing the question as to whether under this ground of appeal the defendants-appellants can argue the points advanced in the Circuit Court for the direction of a verdict in their favor, we will consider these points as if they had been stated in the notice of appeal as grounds upon which the appellants rely. The first is that the present action is based on a contract declared non-existent by the Court of Errors and Appeals, and consequently the suit, if maintainable at all, should have been for money had and received. Assuming that the Court of Errors and Appeals declared the contract non-existent, this does not bar the recovery of money paid under the contract. The suit is not one for a breach of the contract but one aris-

ing because of the action of the appellants in refusing to return the money paid under the contract and to pay expenses arising from the respondents' efforts to carry out the contract. It is in effect a suit for money had and received. Such an action has been approved in *Kurtz* v. *Busch,* 3 *N. J. Mis. R.* 389; 128 *Atl. Rep.* 552.

The second contention of the appellants is that the respondents are barred from maintaining the present action at law because they should have filed a counter-claim in the Chancery action for the return of the deposit and the cost of searches and survey. This contention we deem without merit. The statute of set-offs (4 *Comp. Stat., p.* 4836) applies only to cases of mutual indebtedness and does not apply to a suit in equity for the reformation of a contract. The respondents' claim was at the time of the filing of the bill in Chancery in part (search fees and survey) for unliquidated damages. These are not the subject of set-off. *Godkin* v. *Bailey,* 74 *N. J. L.* 655.

The appellants finally argue that under rule 28 of the Court of Chancery a counter-claim should have been filed by the respondents. This rule provides as follows:

"Subject to the provisions of other rules herein contained, a defendant may counter-claim or set-off any cause of action against the complainant."

Rule 70 of the Court of Chancery provides:

"Any matter being the proper subject of a cross-bill under the existing practice may be set up by counter-claim."

"The purpose of a cross-bill is to enable a defendant to make his defense more complete and effectual than it would be if he stood on an answer alone; but the new facts which he may introduce into pending litigation by means thereof are such, and such only, as it is necessary for the court to have before it in deciding the question raised in the original suit, so that the court may do full and complete justice to all of the parties in respect to the cause of action on which the complainant rests his right to relief." *McAnarney* v. *Lembeck,* 97 *N. J. Eq.* 361.

In the case of *Beller et al.* v. *Fenning,* 101 *N. J. Eq.* 430, Vice-Chancellor Backes construed rules 28 and 70. He held

that a counter-claim for partition of lands to a suit by tenants in common against another to recover on an agreement for mutual contribution for upkeep of the premises presents no defense and is improperly joined. He dismissed the counter-claim. With reference to rule 70 he said:

"The rule invoked as to counter-claims was not intended to allow alien issues, nor other than those that could be tendered by a cross-bill to be pleaded and, as to set-offs, only those that may discharge or reduce the complainants' demand. Neither of the rules [28 or 70] has the effect of substantially altering the then existing practice."

But if the respondents could have filed a counter-claim, they would not be barred from maintaining this action. Rules 28 and 70 do not make it compulsory to file a counter-claim. It is only permissive. If filed the Court of Chancery in its discretion may refuse to consider it. There is no provision in the Chancery act or rules which makes failure to file a counter-claim a bar to a cross action. As the respondents were not bound to set-off by counter-claim in the Chancery action their claim, the argument that the Chancery decree is *res adjudicata* as to the present suit falls.

The judgment of the Essex County Circuit Court is affirmed.