Passaic County Circuit Court.

JOSEPH TIGLER, PLAINTIFF, v. FABRICS FINISHING
CORPORATION, DEFENDANT.

For the motion, *Harry Joelson.*

*Contra, Peter Cohen.*

MACKAY, J.   This is an application for the removal of two
District Court cases to the Circuit Court because defendant
has filed a counter-claim in the sum of $40,000.   The plain-
tiff was hired by defendant for one year commencing Feb-
ruary 14th, 1929, by written agreement at a salary of $10,000
a year, payable in the sum of $192.50 each week.

Prior to the expiration of one year plaintiff was discharged
as incompetent.   Plaintiff, by two suits in the District Courts,
seeks to recover two separate wage payments alleged to be
due.   Defendant in its counter-claim alleges that because of
the incompetence and negligence of plaintiff that up to De-
cember 31st, 1929, claims totaling $28,724.13 had to be paid
to customers and the balance $11,275.87 would have to be
paid.

Counsel for plaintiff contends these two cases cannot be
removed first, because chapter 152, laws of 1928, provides

that damages must be *liquidated*, and second, that although the action is for breach of contract, nevertheless, defendant's counter-claim is for unliquidated damages.

In *Heckscher* v. *Trotter*, 48 *N. J. L.* 419, 429, Mr. Justice Dixon says:

"The general rule adopted by all the courts is consistent and uniform, that where the cause of action arises on a debt or money demand, or where it sounds in damages, but the damages are capable of being ascertained with certainty by mere arithmetical computation, the damages are liquidated."

The damages are unliquidated, "where the cause of action consists merely in a right to recover some damages, but those damages are general, indefinite and undetermined, or incapable of being reduced by calculation to a proper degree of certainty without the intervention of a jury."

The case of *Moore* v. *Richardson*, 65 *N. J. L.* 532, cited by defendant, does not seem to me to be in point because that was a delivery of horses to the defendant upon an express contract that the defendant would pay a certain price for those horses and that the horses were to remain the property of the plaintiff until paid for. The other case cited by defendant in his brief (*MacPherson* v. *Mackay*, 91 *Id.* 473), does not appear to apply as I read the facts therein contained.

Defendant further states in his brief:

"In the case at bar the amounts paid by defendant as a result of the plaintiff's incompetency are exact and have been actually reduced to certainty."

That is true. It is not the test, however, because a similar situation arose in the case of *Godkin* v. *Bailey*, 65 *Atl. Rep.* 1032, and the plaintiff sued in assumpsit for the price of goods sold and delivered. The defendants pleaded the general issue, and gave notice that they would claim an off-set for the difference in price paid by them for lumber which the plaintiff had failed to deliver. At the trial the defendants offered to prove a failure of the plaintiff to deliver lumber under a contract several years before the sale of the goods for which the suit was brought, and that by reason of this failure the defendants were obliged to go into the market where the

prices for lumber had risen and purchase other lumber to take its place; that consequently the defendants were entitled to compensation for the loss sustained, and to put that loss in as an off-set. The Chief Justice overruled this offer of the defendants upon the ground that the act providing for set-off limits the right to liquidated damages.

Mr. Justice Swayze, writing the opinion in this case for the Court of Errors and Appeals said, *inter alia:*

"In an action for damages for failure to deliver goods, the plaintiff is entitled to recover, not merely the difference between the contract price and the market price which he is obliged to pay, but is also entitled to recover special damages for the breach of the contract, including loss of profits. *Wolcott* v. *Mount, 36 N. J. L.* 262. Clearly these special damages for breach of the contract are uncertain in amount, and therefore unliquidated. The claim of the defendants, however, was for the difference between the contract price and the price actually paid by them. The argument is that, while this price may have been at one time uncertain, it had been rendered certain by what subsequently took place, and that the case is within the language of the Supreme Court in *Heckscher* v. *Trotter, supra.* This argument, however, assumes that the measure of damages is the difference between the contract price and the price paid by the defendants. Such is not the rule. The true measure of damages as stated by *Benjamin on Sales,* is the difference between the contract price and the value of the goods at the date fixed for delivery. The value is *prima facie* the market price, but there may be cases where there is no market, and the value must be otherwise determined, for example, by the price of the best substitute procurable."

Mr. Justice Swayze further said:

"We have dealt with the question as if the only claim made by the defendants was to recover the difference between the contract price and the market price. The record, however, does not put the defendants in so favorable a position, for the claim in the notice of set-off was to recover the difference between the contract price and the price actually paid by the

defendants, which may or may not have been the market price, and the offer at the trial, which was overruled by the Chief Justice was even broader than the notice, for it was an offer to prove the loss sustained by the defendants and the claim was for compensation for that loss, which may have included special damages and loss of profits." *Godkin* v. *Bailey, supra.*

In the present case the defendant claims more than $28,000 of the damage sustained has actually been paid and, therefore, liquidated, but from the reasoning in the Godkin case, *supra,* it undoubtedly includes special damages and loss of profits, and that being so, it is unliquidated.

The motion to remove these cases will be denied.