MARION FALKENSTERN, PLAINTIFF, v. HERMAN KUSSY CO., A NEW JERSEY CORPORATION, DEFENDANT.

Decided October 2, 1947.

For the plaintiff, *Schneider & Schneider.*

For the defendant, *Bilder, Bilder & Kaufman.*

LEYDEN, C. C. J. This suit was instituted by the plaintiff as assignee of Fruitcrest Corporation, for a matured debt owed by the defendant to the assignor amounting to $1,412.50 for goods sold and delivered.

Defendant's answer admits the debt but denies the validity of the assignment and "by way of counter-claim," sets up substantially it is the assignee of two choses in action of Wallace, Burton & Davis Co., Inc., against Fruitcrest Corporation arising out of the alleged breach of an implied warranty that the merchandise sold to it by Fruitcrest was fit for human consumption, whereby it lost on the resale profits within the contemplation of the parties and other items of damage such as repayment of the resale purchase price, custom duties and freight charges. These claims amount to $2,883.06 and judgment is sought against the plaintiff assignee in that amount.

The motion is to strike the "counter-claim" upon the grounds of (1) legal insufficiency; (2) new and irrelevant issues to complaint involving unliquidated damages; (3) inconvenience of trial; (4) impropriety as a set-off to cause of action of plaintiff.

The "counter-claim" is insufficient in law in that it does not state facts constituting a cause of action against the plaintiff.

The Practice Act, *R. S.* 2:27–137; *N. J. S. A.* 2:27–137, provides that, subject to rules, a defendant may set off or counter-claim any cause of action. Supreme Court rules 65 to 68, *N. J. S. A. Tit.* 2, inclusive, implement the statute. Rule 67 provides: "If the amount found due on the counter-claim to the defendant exceeds the amount found due to the plaintiff, the defendant shall have judgment for the excess." In view of the statute and the rules it seems obvious that the set-off or cause of action mentioned must be a cross-action against the plaintiff, or a third party arising out of the transaction complained of in the main case. The causes of action pleaded in the counter-claim may be good against the plaintiff's assignor, Fruitcrest Corporation, but not the plaintiff. It is not alleged that plaintiff was a party to the transactions therein complained of or that she assumed the obligations of the assignor.

Plaintiff is the assignee of a matured debt. It is a liquidated claim. The causes of action pleaded in the counter-claim are for unliquidated damages. *Godkin* v. *Bailey,* 74 *N. J. L.* 655; 65 *Atl. Rep.* 1032; 9 *L. R. A.* (*N. S.*) 1134. As such they are not proper subject-matter of a set-off. *R. S.* 2:26–190; *N. J. S. A.* 2:26–190; *John Wills, Inc.,* v. *Citizens National Bank of Netcong,* 125 *N. J. L.* 546; 16 *Atl. Rep.* (*2d*) 804; *Yeskel* v. *Gross,* 105 *N. J. L.* 308; 144 *Atl. Rep.* 312.

An assignee of a chose in action takes what the assignor had, subject to all set-offs, discounts and defenses which the debtor has, not only against the assignee but also against the assignor before notice of the assignment; *R. S.* 2:41–1; *N. J. S. A.* 2:41–1, but the assignee does not thereby, without more, assume the liabilities of the assignor. Discount con-

notes a set-off or reduction arising out of the claim sued upon, and defenses imply matters in defense of that particular claim stemming from it, such as failure of consideration, payment or fraud.

The causes pleaded in the counter-claim are wholly foreign to the issues in the main case. They did not arise out of the same transaction. They are not in set-off, discount or defense of it.

The defendant is not without remedy. It may re-assign the causes of action or it may sue Fruitcrest in New York, the jurisdiction where the dispute arose.

The motion to strike the counter-claim is granted.