Constantine G. VALANOS, Appellant,

v.

TELECODE CORPORATION, a District of Columbia corporation, Appellee.

No. 2086.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 28, 1957.

Decided Jan. 29, 1958.

Arthur L. Willcher, Washington, D. C., for appellant.

Byron N. Scott, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant brought this action to recover alleged unpaid salary. Appellee denied any indebtedness and counterclaimed for sums alleged owed to it by appellant. On conflicting testimony the trial court found that for the period in question appellee had agreed to pay appellant monthly $125 in cash and $125 in its corporate stock; and that the totals due for the period were $958.33 in cash and $958.34 in stock. The court further found that during this period appellant had received $450 in cash, which left a cash balance due of $508.33. On the counterclaim the court found that appellee was entitled to recover $900. On these findings the court entered judgment for

appellant for $508.33 "in cash" and $958.34 "stock," and also entered judgment for appellee for $900.

■ Two errors are claimed. One, relating to an item of $400 included in the amount allowed on the counterclaim, requires no discussion because it presents only a question of fact. There was substantial evidence to support the trial court's finding that this was a properly allowable item.

■ The other claim of error relates to that part of the judgment in favor of appellant "for $958.34 stock in the Telecode Corporation." Appellant argues that his judgment should have been entirely for money and not partly for money and partly for stock. We think appellant is right. Although, as the court found, appellee's contract was to pay appellant for his services partly in money and partly in stock, when appellee failed to comply with its agreement, appellant had a claim for damages in money for breach of contract. In New York News Pub. Co. v. National Steamship Co., 148 N.Y. 39, 42 N.E. 514, where there was a breach of a contract to pay in tickets for services rendered, the court said:

"The rule in this state seems to be that, where a party agrees to pay a specific sum, or, as in this case, the value of the services in some specific articles of property, and upon demand refuses or fails to deliver the property, his obligation is thereby converted into one for the payment of money."

And in E. I. Du Pont De Nemours Powder Co. v. Schlottman, 2 Cir., 218 F. 353, 355, certiorari denied 235 U.S. 705, 35 S.Ct. 282, 59 L.Ed. 434, where there was a breach of a contract to pay in "either bonds, preferred or common stock," it was held:

"Though the contract contemplated that the defendant should pay the additional amount in its own securities, having refused to pay at all, the plaintiff has a right to recover money."

Appellee argues that the foregoing cases have no application here, because, it says, they are based on a refusal to pay; and appellee says here there was no refusal to pay in stock because there was never a demand for it. We cannot recognize this distinction. Appellee failed to meet its obligation and is liable to respond in damages.

■ However, we do not agree that appellant is entitled to recover a money judgment for the par value of the stock he should have received. The agreement was not to pay appellant a sum of money in stock of a value equal to that sum, but was to pay him a fixed amount of stock of an uncertain value. For failure to receive that stock he is entitled to receive its actual value and not its par value.

In Schneider v. Hagerstown Brewing Co., 136 Md. 151, 110 A. 218, 219, where an employee's compensation was partly payable in stock which he never received, the court said:

"The plaintiff's theory is that he is entitled to recover the par value of the stock because of the fact that the stock itself was not delivered. But this is not the proper measure of his right. It was the actual value of the stock and not its nominal par value which determined the real amount of his compensation by that form of payment. Consequently the actual value of the stock at the time provided by the contract for its issuance was the true measure and limit of his recovery."

And in Clemmer v. Merriken, 144 Md. 675, 125 A. 394, 396, 34 A.L.R. 928, 931, it was said:

"The refusal of the defendant to deliver the stock could not change the measure of damages for the breach by the defendant of the written contract, which, under the rule we have stated, was the actual value of the stock at the time it should have been issued in ac-

cordance with the terms of the contract."

For the reasons stated, the case must be remanded to the trial court for the purpose of determining the actual value of the stock at the time it should have been delivered to appellant. Appellant shall then be entitled to a finding in his favor for $508.33 plus the value of the stock.

When the amount due appellant has been established, there should be set off against it the amount already established on the counterclaim; and one judgment for the balance should be entered in favor of the party entitled thereto. Block v. Gates, D.C.Mun.App., 68 A.2d 898. In all other respects the action of the trial court is affirmed.

Remanded with instructions.