David D. PEIRSON, Plaintiff,

v.

**J. H. HOLLINGSWORTH and Lewis M. Hagerty, doing business under the firm, name and style of Hollingsworth Realty Company, a partnership, Defendants.**

Superior Court of Delaware.

New Castle.

Jan. 17, 1969.

Frank J. Gentile, Jr., Wilmington, for plaintiff.

Edward J. Sobolewski, Jr., Newark, for defendants.

## OPINION

WRIGHT, Judge.

This case comes before me for consideration and determination of the issues upon the record of trial in the case, the pleadings, and stipulations of the parties.

### FACTS

Complaint was filed in the instant case by Plaintiff for real estate agent commissions allegedly earned by him, and for damages, attorney's fees, and costs under the provisions of 19 Del.C. §§ 1103(d) & 1112. Plaintiff was employed as a real estate agent by Defendants, hereinafter referred to as Defendant, for approximately six months. On or about February 27, 1967, Plaintiff's employment with Defendant was terminated. Under his employment contract, Plaintiff was entitled to receive one-half of the gross commissions of Defendant on those sales for which Plaintiff was responsible. At the time Plaintiff's employment was terminated, there existed two sales which Plaintiff was instrumental in

consummating, to-wit, the Van Horn property and the Henderson property. Plaintiff's commission on the former amounted to $3,000.00, and on the latter to $294.00. The total commissions on these transactions were received by Defendant—from Van Horn property on March 28, 1967, and from Henderson property on April 11, 1967. Plaintiff made claim from Defendant for these earned commissions less advances made to him, plus the statutory penalty. The facts further show that on or about October 18, 1966 there was a cash advance from Defendant to Plaintiff in the amount of $1,500.00. On or about August 1, 1966, there had been another advancement from Defendant to Plaintiff in the amount of $1,000.00. The Trial Judge found that this $1,000.00 was an additional advancement and dismissed that portion of Plaintiff's claim. In addition to reducing Plaintiff's claim for wages by the amount of the said advances, Defendant claimed set-offs against Plaintiff in the amounts of $400.00 and $109.00. These were disbursements from Defendant on behalf of Plaintiff.

The $109.00 item was paid on March 23, 1967 as the second installment of a yearly premium on an automobile insurance policy covering Plaintiff and the automobiles which he operated in connection with his employment for Defendant. The $400.00 item was a capital advance made on April 15, 1967 for the expense account on certain real property located at Greenhaven Point, Maryland, the property being owned by Defendant, Plaintiff, and another party. This advancement by Defendant was made to fulfill each individual's obligations as to the Maryland property under the existing business arrangement concerning the same. Defendant was to be reimbursed by Plaintiff, at the request of Defendant, for any such expenditures. Plaintiff contended that Defendant had no authority to make these additional disbursements. Plaintiff admitted the $1,500.00 advancement of October 18, 1966.

The following chart will serve to clarify the position of each party to this case as to the amounts allegedly due:

| PLAINTIFF | | DEFENDANT | |
|---|---|---|---|
| $3,000.00 | Commission | $3,000.00 | Commission |
| 294.00 | Commission | 294.00 | Commission |
| 3,294.00 | Total Gross Commissions | 3,294.00 | Total Gross Commissions |
| 1,000.00 | Cash Advance (8/1/66) | 1,000 00 | Cash Advance (8/1/66) |
| 2,294.00 | | 2,294.00 | |
| 1,500.00 | Cash Advance (10/18/66) | 1,500.00 | Cash Advance (10/18/66) |
| 794.00 | Total Net Commissions | 794.00 | Total Net Commissions |
| 794.00 | Statutory Penalty | 400.00 | Expenditure (3/23/67) |
| $1,588.00 | Total Gross Claimed | 394.00 | |
| | | 109.00 | Expenditure (4/15/67) |
| | | $ 285.00 | Total Balance Due |

The amount of $285.00, which Defendant admitted was owed to Plaintiff, was withheld, because Defendant claimed Plaintiff had in his possession, at the time the employment was terminated, a real estate listing book, which Defendant contended was its property. Defendant was ready, willing, and able to tender to Plaintiff the amount of $285.00 upon receipt of the listing book. This was never accomplished.

Defendant further contended that its claims against Plaintiff were legal and justly due; that same could be exerted as valid set-offs against Plaintiff's claims; and, that the statutory penalty and claims were not

applicable in this case inasmuch as there were reasonable grounds for just disputes to all amounts between Defendant-employer and Plaintiff-employee. Defendant also contended that the provisions of the Wage and Payment Collection Law (19 Del.C. Ch. 11) were unconstitutional.

Plaintiff, as previously set forth, contended that the disbursements for expenses were not valid as set-offs, since the $109.00 item was made one month after termination of employment and Defendant had no authority to make such disbursement, and since the $400.00 item was in connection with a business transaction and venture entirely separate and apart from the matters in dispute. In the alternative, Plaintiff contended that if either, or both, of Defendant's set-offs are valid, then either, or both, should come from the gross amount of $1,588.00 proved by Plaintiff at trial, since the total commissions earned were $794.00 and when this amount was not paid by Defendant during the statutory period, the amount doubled as liquidated damages. A reduction of this amount by the $109.00 item, if same was a valid set-off, would leave due the Plaintiff from Defendant $1,479.00, plus attorney's fees, and costs. A reduction of the gross amount by the $400.00 item, if same was a valid set-off, would leave due Plaintiff $1,188.00 from Defendant, plus attorney's fees, and costs. A reduction of the gross amount by both items, if same were valid set-offs, would leave $1,079.00 due to Plaintiff from Defendant, plus attorney's fees, and costs.

## ISSUE

Whether there existed any reasonable grounds for dispute as to the amount of wages due Defendant because of the matters put forth by Defendant as set-offs, and if so, do the set-offs apply to the wages earned before the double wage, allowed by statute as liquidated damages, became due, or do they apply after the double wages became due.

## DISCUSSION

In view of the decision reached in this case, it has been found unnecessary to decide the question concerning the constitutional validity of this State's Wage Payment and Collection Law 19 Del.C. Ch. 11. However, it is noted in passing that the constitutional objections to such a statute which appear in the reported cases are not applicable in the instant case. (See, 31 Am. Jur. Labor, 808; Brown v. Milner Hotel (Mo.App.) 332 S.W.2d 59, and Annotation, 90 A.L.R.2d 602, 606.)

At the outset, it can be seen that this case has been complicated by the suggestion that the employer is not entitled to set-off against any unpaid wages. The Act explicitly states that no employer may withhold or divert any portion of any employee's wages unless the employer is required or empowered to do so by Federal or State law. 19 Del.C. § 1107(a). However, the statute does not prohibit the assertion of legal defenses to the wage claim, provided the defenses pertain to the validity of the wage claim itself. The employer may avoid the penalty imposed by the statute if he has any reasonable grounds for dispute of the unpaid wages. 19 Del.C. § 1103(d). Thus, an employer would not be precluded from asserting a legal defense as a set-off if it related to the validity of the wage claim itself. Nor does the statute, by any express terms, prevent the assertion by the employer of a defense of set-off of a transaction or claim unrelated to the validity of the claim itself.

Thus it is seen that if Defendant in the case at bar had no reasonable grounds for dispute at the time Plaintiff's employment was terminated, then its set-offs would reduce Plaintiff's recovery after unpaid wages and liquidated damages have been computed under Section 1103(d) of the Act. Conversely, if reasonable grounds for dispute did exist, the set-offs would reduce plaintiff's claim for wages without benefit of Section 1103(d).

 The facts have shown that on the date of the termination of Plaintiff's employment with Defendant, Plaintiff had earned $794.00 in commissions, after deduction of the undisputed advances. The questions arise, then, as to whether the expenses disbursed by Defendant on the account of Plaintiff, i. e., $400.00 and $109.00, were valid, and whether there were any reasonable grounds for dispute as to the wages claimed. The answers to both issues are in the affirmative.

The record reflected that the $400.00 disbursement was a capital advancement in regard to a business partnership between Plaintiff, the Defendant, and another party. This disbursement was made through express and implied agreements of the business project relating to real property located in Maryland. Defendant had for some time made cash advancements for this property, and Plaintiff's portion of the most recent expenditure was $400.00. Under the agreement, Defendant was authorized to make such cash outlays; and that portion paid by Defendant on the behalf of Plaintiff was to be reimbursed by Plaintiff to Defendant upon its request.

The record further showed that the $109.00 disbursement was made in connection with an insurance policy on two automobiles operated by Plaintiff in his employment with Defendant. The amount was thus paid for the benefit of Plaintiff, and the burden was then placed upon him, at employment termination, to have the policy cancelled or to reimburse Defendant for the premium paid on his behalf.

Although these disbursements were made subsequent to the date upon which Plaintiff's employment with Defendant was terminated, inasmuch as they were for the benefit of Plaintiff, they were legal and just obligations. Webster v. Beebe, 1 Boyce 314, 24 Del. 314, 76 A. 54; Falkenstern v. Herman Kussy Co., 25 N.J. Misc. 447, 55 A.2d 11; Valanos v. Telecode Corp. (D.C.Mun.App.) 138 A.2d 388. Since these indebtednesses related to, directly, the wages claimed of Plaintiff, they are to be offset against the wages earned at employment termination without the benefit of such wages being doubled. Barrineau v. Carolina Milling Co., 52 F.Supp. 197 (E.D. S.C.); Philpott v. Standard Oil Co., 53 F. Supp. 833 (N.D.Ohio). Such dispute was reasonable as contemplated in Section 1103 (d) of the Act. The failure of Defendant to pay the remainder of the commissions earned, $285.00, was also reasonable under the circumstances. Plaintiff had left Defendant's employment with a real estate listing book of the Defendant. The withholding of this $285.00 was thus a reasonable withholding of wages, and no penalty attaches. 19 Del.C. § 1103 (d).

## CONCLUSION

Based upon the above and foregoing, Plaintiff is entitled to recover from Defendant the sum of $285.00. No liquidated damages, attorney's fees, or costs should be awarded.

Order accordingly.